1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Daniel C. DeCarlo, Esq. SB# 160307
2  Deborah F. Sirias, Esq. SB#102893
   Isamu Lee, Esq. SB# 225262
3  221 North Figueroa Street, Suite 1200
   Los Angeles, California  90012
4  Telephone: 213.250.1800
   Facsimile: 213.250.7900
5  sirias@lbbslaw.com
   decarlo@lbbslaw.com
6  ilee@lbbslaw.com

7  Attorneys for Defendant
   PATRIARCH, INC., a California Corporation
8
   Christopher Ferguson, Esq.
9  770 Second Avenue South
   St. Petersburg, Florida 33701
10 Telephone: 727.823.5000
   Facsimile:  727.894.1023
11 chris@fergusonpa.com

12 Attorneys for Defendant
   PATRIARCH, INC., a California Corporation, PHALLIX, INC.,
13 a California Corporation, CHAD MUNSEY, an individual d.b.a.
   ALL GLASS SEX TOYS; PEEKAY, INC. and PLAYBOY ENTERTAINMENT
14 GROUP, INC., a Delaware Corporation

15
                  IN THE UNITED STATES DISTRICT COURT
16
               MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION
17

18 KNOW MIND ENTERPRISES, INC., a )   CASE NO. 8:04-CV-1974-T-30MSS
   Florida Corporation,          )
19                               )
          Plaintiff,             )
20                               )   **STIPULATED PROTECTIVE**
     v.                          )   **ORDER RE CONFIDENTIALITY**
21                               )   **OF DISCLOSURES**
   GMCI INTERNET OPERATIONS, INC., )
22 a New York Corporation d.b.a  )
   PENTHOUSE.COM STORE;          )
23 PATRIARCH, INC., a California )
   Corporation; PHALLIX, INC., a )
24 California Corporation, CHAD MUNSEY,)
   an individual d.b.a. ALL GLASS SEX  )
25 TOYS; TANG DORIAN, an individual  )
   d.b.a. FYI MARKETING GROUP d.b.a. )
26 LUVMASTERS.COM; PEEKAY, INC., a )
   Corporation d.b.a. Sextoy411, and )
27 PLAYBOY ENTERTAINMENT GROUP,)
   INC., a Delaware Corporation, )
28        Defendants.            )

1  AND RELATED COUNTERCLAIMS.    )
2  _____)
3
4       Plaintiff, KNOW MIND ENTERPRISES, INC. and Defendants PATRIARCH,
5  INC., PHALLIX, INC., CHAD MUNSEY, d.b.a. ALL GLASS SEX TOYS;
6  PEEKAY, INC., d.b.a. Sextoy411, and PLAYBOY ENTERTAINMENT GROUP,
7  INC., through their attorneys of record hereby stipulate as follows:
8
9       WHEREAS the parties wish to minimize the disclosure of Confidential Property
10 of one to the other and wish to prevent all Confidential Property from all unauthorized
11 disclosures;
12      NOW THEREFORE, it is ordered as follows:
13      1.    Definition of Confidential Property
14            A.    "Confidential Property" as used herein shall mean all property in
15 whatever form such as oral, written, documentary, tangible, intangible, electronic, or
16 digitized now or hereafter in existence that:
17                 (i)    derives independent economic value, actual or potential,
18 from not being generally known to, and not being readily ascertainable by proper
19 means, by other persons who can obtain economic value from its disclosure or use;
20 and
21                 (ii)   is the subject of efforts that are reasonable under the
22 circumstances to maintain its secrecy.
23            B.    Confidential Property is unlimited in kind or form and includes, by
24 way of example only and without limitation thereto, information relating to the
25 following: any products, designs, specifications, tests, plans, studies, surveys,
26 manufacture, distribution, marketing, promotion, advertisement, sales, opportunities,
27 vendors, customers, financial matters, costs, sources, prices, profits, research,
28 development, analysis, know-how, show-how, personnel, strategies, or competition.

2.   All efforts by any party or witness in this matter to designate any property as "Confidential," shall be governed by the terms of this Order. The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party." By receiving any property designated as "Confidential", the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such property and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such property.

3.   All property produced by the Disclosing Party to the Receiving Party in whatever form (e.g. documents, materials, things, testimony or other information ) during the course of this matter shall be designated "Confidential" in accordance with the terms of this order, infra, prior to disclosure, by use of a reasonably conspicuous and prominent notice. Examples of such suitable designation would be the prominent display of a legend on the first page of a subject document, or on a tag affixed to a tangible thing, that states:

"This document or thing contains information which is designated by _____ (example; Plaintiff) as 'Confidential' according to a certain STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES, entered in the case of ____) by the United States District Court, Middle District of Florida and is not to be disclosed to anyone to whom its disclosure is not expressly permitted by said Order."

4.   All documents, testimony, and things which are deemed appropriate for designation pursuant to this Order as confidential at any level shall be so designated at a time prior to disclosure as follows:

   A.   for documents and things this means prior to delivery;
   B.   for discovery or trial deposition testimony this means prior to the giving of the answer on the record by the deponent to the extent reasonably possible.

In the event that any document, thing or testimony is not appropriately and

timely so designated, then the Disclosing Party may to its own prejudice attempt to belatedly designate any such document, thing, or testimony by appropriate notice in accordance with paragraphs 3 and 4. However such belated designation shall be without prejudice to the Receiving Party and anyone else who may have previously received the disclosure without notice of its confidentiality. Thereafter, the Receiving Party shall fully comply with this Order to the extent reasonably possible.

5. Each court reporter shall separately bind those portions of deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts - and shall thereon place the legend (identified in paragraph III above) on the first page of each such bound transcript or exhibits.

6. When any documents, things, or testimony in whatever form is filed with the court which is designated as "Confidential" at any level of confidentiality, they shall be maintained under seal with the United States District Court, Middle District of Florida pursuant to this Order, in any appropriate court procedures, or as otherwise ordered by the court. In so doing, they shall be filed with a legend stating:

> "THIS ENVELOPE CONTAINS DOCUMENTS, THINGS
> OR TESTIMONY WHICH ARE 'CONFIDENTIAL
> (ATTORNEYS EYES ONLY) AND SUBJECT TO THE
> TERMS OF A PROTECTIVE ORDER OF UNITED
> STATES DISTRICT COURT, MIDDLE DISTRICT OF
> FLORIDA. IT IS NOT TO BE OPENED OR THE
> CONTENTS DISPLAYED OR REVEALED EXCEPT TO
> THE COURT, ITS CLERKS AND STAFF, UNLESS
> OTHERWISE ORDERED BY THE COURT OR
> ANOTHER COURT OF COMPETENT JURISDICTION."

7. Levels of Confidentiality

Any property designated as "Confidential" shall be restricted in accordance with the following levels of confidentiality:

1      A.   <u>CONFIDENTIAL ATTORNEY'S EYES ONLY</u>:

2  Property designated as CONFIDENTIAL ATTORNEY'S EYES ONLY shall be
3  restricted to viewing, or copying by, and disclosure to:
4          i.   All outside counsel who are working on this matter
5  (presently the attorneys at Lewis Brisbois Bisgaard & Smith LLP, Chris Ferguson,
6  Esq., Law Offices of Edward P. Dutkiewicz, P.A. and Lewitt Hackman Shapiro,
7  Marshall & Harlan); and inside counsel and corporate counsel for each party;
8          ii.   The office personnel employed by the outside counsel of
9  record working under the direct supervision of said counsel;
10         iii.   The United States District Court, Middle District of Florida
11 and all clerks and other personnel in the United States District Court, Middle District
12 of Florida before which this action is pending;
13         iv.   Experts and consultants necessarily retained by outside
14 counsel of record in this litigation, but only if said experts and consultants comply
15 with this agreement in full and read, sign and agree to be bound by all of its terms.
16     B.   <u>CONFIDENTIAL</u>
17 Property designated as CONFIDENTIAL shall be restricted to viewing by all
18 those mentioned in A above, as well as all employees, officers, and directors of each
19 party of record. It is not necessary that each such person sign this order, provided that
20 the Receiving Party has previously notified all persons of the existence of this order,
21 its terms, and the consequences of an unauthorized disclosure.
22     8.   Each person required by this Order to sign a statement agreeing to be
23 bound shall sign a statement to be delivered to the Disclosing Party upon request that
24 states the following:
25     "I have read the STIPULATED PROTECTIVE ORDER RE
26     CONFIDENTIALITY OF DISCLOSURES issued by the
27     United States District Court, Middle District of Florida, in
28     the matter of *Know Mind Enterprises, Inc. v. GMCI Internet*

1     *Operations, Inc., et al.*, Case No. 8:04-CV-1974-T-30MSS
2     regarding confidentiality of materials designated by the
3     parties and their counsel. I understand and agree to be bound
4     by the terms of this Order."

5    9. All parties, their counsel, and all persons agreeing to be bound by this
6 Order will abide by all of the terms of this Order until otherwise ordered by the United
7 States District Court, Middle District of Florida or another court of competent
8 jurisdiction, or by written notice releasing them from the respective obligations
9 received from the pertinent Disclosing Party.

10    10. This agreement shall be deemed effective as between the parties upon
11 execution by the undersigned stipulating counsel.

12    11. This Agreement does not act as an admission by any Receiving Party that
13 any property designated as confidential by any Disclosing Party is in fact Confidential
14 Property, and each party reserves the right to challenge as improper, by motion or
15 otherwise, the designation by the other party of information as confidential. It is
16 hereby agreed that in the event of any challenge, the burden of establishing that certain
17 documents are confidential is on the party designating the documents as confidential.

18    12. At the conclusion of this matter by lapse of all appeal right after entry of
19 final judgment from which no further rights of appeal exist, or by settlement of this
20 matter, each party shall promptly return to the other party all materials designated as
21 confidential and shall thereafter continue to respect all obligations hereunder as to
22 such designated materials. The Receiving Party shall not retain any copies of such
23 materials for any purpose including archival without the express written consent of the
24 Disclosing Party. However for archival purposes the Receiving Party shall be entitled
25 to maintain a record by list or directory of the documents which were received and
26 returned.

27    13. No party is prevented from seeking relief not provided by this Order, or
28 otherwise seeking relief from the United States District Court or another court of

1 competent jurisdiction as may be appropriate to protect its interests or otherwise
2 prepare this matter for trial.

3

4 DATED: August 26, 2005         **LEWIS BRISBOIS BISGAARD & SMITH LLP**

5

6                                By /s/ Daniel C. DeCarlo
7                                Daniel C. DeCarlo
                                 Attorneys for Defendant
                                 PATRIARCH, INC., a California Corporation
8

9
10 DATED: August 26, 2005        By /s/ Christopher Ferguson
                                 Christopher Ferguson
                                 Attorneys for Defendants
11                               GMCI INTERNET OPERATIONS, INC., a
                                 New York Corporation d.b.a.
12                               PENTHOUSE.COM STORE; PATRIARCH,
                                 INC., a California Corporation, PHALLIX,
13                               INC., a California Corporation, CHAD
                                 MUNSEY, an individual d.b.a. ALL GLASS
14                               SEX TOYS; TANG DORIAN, an individual
                                 d.b.a. FYI MARKETING GROUP d.b.a.
15                               LUVMASTERS.COM; PEEKAY, INC., a
                                 Corporation d.b.a. Sextoy411, and PLAYBOY
16                               ENTERTAINMENT GROUP, INC., a Delaware
                                 Corporation
17

18
19 DATED: May 26, 2005            **LAW OFFICES OF EDWARD P.
                                  DUTKIEWICZ, P.A.**

20

21                                By /s/ Edward P. Dutkiewicz
                                  Edward P. Dutkiewicz
                                  Attorneys for Plaintiff
22                                KNOW MIND ENTERPRISES, INC.

23

24 **IT IS SO ORDERED.**

25

26 DATED: 13 Sept. 05

                                  UNITED STATES DISTRICT COURT
27                                JUDGE

28

4826-5119-0784.1                   -7-
STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES

# CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2005, I electronically filed the foregoing document described as **STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Edward P. Dutkiewicz, Esq.
**Law Offices of Edward P. Dutkiewicz, P.A.**
640 Douglas Avenue
Dunedin, Florida 34698

Christopher Ferguson, Esq.
770 Second Avenue South
St. Petersburg, Florida 33701

/s/ Isamu H. Lee
Isamu H. Lee
CA State Bar No. 225262
Attorneys for Defendant
PATRIARCH, INC., a California Corporation
**Lewis Brisbois Bisgaard & Smith LLP**
221 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012
Tel: 213-250-1800
Fax: 213-250-7800
ilee@lbbslaw.com